UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  CASE NO. 20-10008
                                          HON. DENISE PAGE HOOD
v.

POTOROKA CONCRETE LLC,
And LYNNE POTOROKA D/B/A LM
POTOROKA AKA LYNEE POIKEY,

        Defendants.
_____/

## ORDER GRANTING THE UNITED STATES OF AMERICA'S MOTION FOR DEFAULT JUDGMENT [#9] And MOTION FOR ENTRY OF DEFAULT JUDGMENT [#12]

The defendants Potoroka Concrete LLC ("Potoroka LLC") and Lynne Potoroka d/b/a LM Potoroka a/k/a Lynee Poikey ("Lynne Potoroka") (collectively, the "Defendants"), having failed to plead or otherwise defend in this action and default having been entered. Upon application of plaintiff United States of America and declarations demonstrating that defendant Potoroka LLC owes the United States the sum of $188,991.97 ($162,770.42 of employment tax liabilities and $26,221.55 of unemployment tax liabilities).

Plus, such additional amounts as may continue to accrue by law from and after March 29, 2019, including interest; that defendant Lynne Potoroka owes the

1

United States the sum of $77,121.91. Plus such additional amounts as may continue to accrue by law from and after March 29, 2019, including interest that Lynne Potoroka, through Potoroka LLC, has repeatedly failed to comply with federal employment and unemployment tax laws despite numerous efforts by the Internal Revenue Service to bring her into compliance; and that Lynne Potoroka is not a minor, is not incompetent, and is not in active duty military service for the United States.

For the reasons set forth above and, on the record, IT IS HEREBY ORDERED that Plaintiff United States of America's Motion for Default Judgment and Motion for Judgment (ECF Nos. 9, 12) are GRANTED.

IT IS FURTHER ORDERED that Judgment is entered for the United States and against:

1. Potoroka LLC, for the unpaid employment tax liabilities assessed against Potoroka LLC for the quarterly tax periods ending on June 30, 2015 through June 30 2018, the sum of $162,770.42, plus statutory additions, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) that continues to accrue from March 29, 2019,

2. Potoroka LLC, for the unpaid unemployment tax liabilities assessed against Potoroka LLC for the tax periods ending on December 31, 2015; December 31, 2016, and December 31, 2017, the sum of $26,221.55, plus statutory

additions, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) that continues to accrue from March 29, 2019,

3. Lynne Potoroka, for trust fund liabilities under 26 U.S.C. § 6672 assessed against Lynne Potoroka arising out of the unpaid employment tax liabilities of Potoroka LLC for the quarterly tax periods ending on September 30, 2015 through June 30 2018, the sum of $77,127.91, plus statutory additions, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) that continues to accrue from March 29, 2019, and

IT IS FURTHER ORDERED that an injunction is hereby entered against Potoroka LLC and Lynne Potoroka, with the following terms:

1. Potoroka LLC shall, and Potoroka LLC Potoroka shall cause Potoroka LLC and any other employer entity that they control, to withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of Federal Insurance Contribution Act ("FICA" or "employment taxes") and Medicare taxes;

2. Potoroka LLC shall, and Lynne Potoroka shall cause Potoroka LLC and any other employer entity that they control to, timely deposit withheld employee taxes, and employer FICA and Medicare taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

3. Potoroka LLC shall, and Lynne Potoroka shall cause Potoroka LLC and any other employer entity that they control to, timely deposit Federal Unemployment Tax Act ("FUTA" or "unemployment taxes") taxes in an appropriate federal depository bank each quarter in accordance with federal deposit regulations;

4. Lynne Potoroka shall sign and deliver to a designated IRS revenue officer, or to such specific location as the IRS may deem appropriate, on the first day of each month, an affidavit stating that the required federal income taxes, FICA and Medicare taxes, and FUTA taxes were fully and timely deposited for each pay period during the prior month;

5. Potoroka LLC shall, and Lynne Potoroka shall cause Potoroka LLC and any other employer entity that they control to, timely file Form 941 employment tax returns and Form 940 unemployment tax returns that come due after the date of the injunction, and Lynne Potoroka shall provide a copy of each filed return to a designated IRS revenue officer in such manner as the IRS deems appropriate, within five days of filing;

6. Potoroka LLC, and Lynne Potoroka shall cause Potoroka LLC and any other employer entity that they control to, timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order;

7. Potoroka LLC and Lynne Potoroka are enjoined from paying other creditors of Potoroka LLC or from transferring, disbursing, or assigning any money, property, or assets of Potoroka LLC after the date of the injunction order until after such time as the required deposits described in paragraphs 1 and 2, above, and any liabilities described in paragraph 6, above, have been paid in full, for any tax period ending after the injunction is issued;

8. Potoroka LLC and Lynne Potoroka are enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of Potoroka LLC's employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

9. Potoroka LLC and Lynne Potoroka shall permit a representative from the Internal Revenue Service to inspect Potoroka LLC's books and records periodically, with two business days' notice of each inspection;

10. For the five-year period beginning on the date this injunction order is entered, Lynne Potoroka shall notify, in writing, such revenue officer as the IRS designates, if she or Potoroka LLC comes to form, incorporate, own, or work in a managerial capacity for another business entity, within five business days of such event. Regardless of such notification, the

preceding paragraphs of this section shall apply to any employer entity controlled by Lynne Potoroka.

IT IS FURTHER ORDERED that Lynne Potoroka and Potoroka LLC are required to deliver to all of their current employees a copy of the Court's findings and injunction, within 30 days of the date of the injunction order;

IT IS FURTHER ORDERED that the Court retains jurisdiction over this case to ensure compliance with this injunction, including authorizing the United States to take post-judgment discovery to ensure compliance;

IT IS FURTHER ORDERED that if Lynne Potoroka or Potoroka LLC violates any term of this injunction, then counsel for the United States shall send the Defendants written notice of the violation, and Defendants shall have 10 days after notification is sent to cure the violation;

1. A "cure" for the violation includes making a late tax deposit and all accruals on such tax; paying delinquent tax shown on a return and all accruals on such tax; filing a delinquent tax return; and providing a delinquent notification to the designated IRS revenue officer.
2. If counsel for the United States has sent Defendants three separate written notifications for three separate violations, then counsel for the United States shall no longer be obligated to send written notification of a violation.

3. If any violation is not cured within ten days of notification or if, after the third notification followed by cures, the United States becomes aware of a new violation by Lynne Potoroka or Potoroka LLC, then the United States shall be entitled to file with this Court a motion for an Order to Show Cause why Lynne Potoroka and Potoroka LLC should not be held in contempt of this injunction and why Potoroka LLC should not be ordered to cease doing business immediately and why Lynne Potoroka should not be permanently enjoined from forming, incorporating, or owning another or a successor business entity and from working for any business in any capacity that includes any responsibility for withholding, accounting for, or paying over employment taxes or for filing employment tax returns.

IT IS ORDERED

DATED: June 29, 2021

s/Denise Page Hood  
DENISE PAGE HOOD  
Chief Judge